**Wilmer W. EVANS, Appellant,**

**v.**

**STATE OF ARIZONA, Appellee.**

**No. 22938.**

United States Court of Appeals Ninth Circuit.

May 7, 1969.

Rehearing Denied May 29, 1969.

---

1. 18 U.S.C. § 1005

2. 18 U.S.C. § 656

3. 18 U.S.C. § 215

4. Etheridge v. United States, 380 F.2d 804 (5 Cir. 1967).

Lawrence C. Cantor (argued), Phoenix, Ariz., for appellant.

Carl Waag (argued), Asst. Atty. Gen., Darrell Smith, Atty. Gen., Phoenix, Ariz., for appellee.

Before BARNES and CARTER, Circuit Judges, and BYRNE,* District Judge.

BYRNE, District Judge:

Appellant was convicted by a jury of having committed murder in the first degree by drowning his wife in an automobile which he contrived to have plunge into San Carlos Lake at Coolidge Dam, Arizona. On June 26, 1958, he was sentenced to life imprisonment.

His conviction was affirmed by the Arizona Supreme Court. In an effort to have his conviction set aside he has filed numerous applications for writs in the State courts of Arizona and the Federal courts including the Supreme Court. All of these efforts were unsuccessful until he finally met with a modicum of success in an appeal to this Court.

On July 13, 1966, this Court reversed an order of the United States District Court for the District of Arizona, denying without a hearing an application for a writ of habeas corpus. Evans v. Eyman, 363 F.2d 540 (9 Cir. 1966).

The original petition for the writ set forth nine asserted grounds for relief. Of the nine grounds, this Court held that only one presented a question cognizable in a federal habeas corpus proceeding by a state prisoner, and remanded the case to the District Court for a hearing on that ground. It was stated in the petition as follows:

"Conspiracy between the County Prosecutor and 2 inmates to lie under oath on the witness stand against Petitioner * * * County Prosecutor promised 2 inmates immunity from going to Prison if they would testify against petitioner, knowing petitioner and both of them were having trouble in the jail. Neither one went to prison after they testified."

 Upon remand, the District Court held a hearing at which the appellant was present in person and represented by counsel. The hearing covered almost three days. A number of witnesses were called by the appellant and several were called by the State Attorney General. The District Judge found that there was no conspiracy and that there was no subornation of perjury. These findings are not only supported by substantial evidence on the entire record; they are sup-

---

* Hon. William M. Byrne, United States Senior District Judge, Los Angeles, California, sitting by designation.

ported by the testimony of the appellant's own witnesses.

Prior to the District Court's entry of an order denying appellant's original petition which had been remanded by this Court for hearing on the one issue of alleged conspiracy, the appellant filed an amended and supplemental petition for a writ of habeas corpus alleging additional grounds, and fifteen days later filed another amended and supplemental petition raising more issues.

■ With the forlorn hope that his action might terminate the avalanche of petitions, the District Court judge considered all of the asserted grounds, and at the hearing, in effect, invited the appellant to file any more that might occur to him so that the matter could finally be put to rest. Of all of the grounds asserted in the amended and supplemental petitions, the Court determined that one warranted a full factual hearing, *i. e.* the effect of pretrial publicity on the selection of a fair and impartial jury.

The appellant tried to bring his case within the principles enunciated in Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966), but this was not even a mini *Sheppard* case. The appellant introduced into evidence, newspaper articles concerning the crime. The general tenor of the articles was about what would be expected in the reporting of any crime, particularly a murder committed in a bizarre fashion such as charged here. The appellant does not direct our attention to any specific article or type of article which he claims to be prejudicial. It is the quantum of publicity he is complaining about, not the character of the publicity. In *Sheppard, supra*, the newspapers printed editorials demanding conviction and accusing the State of delay and whitewash. One front page editorial asked, "Why isn't Sam Sheppard in Jail." Articles stressed his extra-marital love affair as a motive for

the crime. There was nothing like that in this trial. The record shows nothing to indicate that this trial was held in a "carnival atmosphere".

■ The fact that several jurors, or all the members of a panel, have read newspaper articles relating to a case does not disqualify them as jurors. This is true even though a juror may have had a preconceived notion as to the guilt or innocence of an accused. "It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." Spies v. Illinois, 123 U.S. 131, 8 S.Ct. 22, 31 L.Ed. 80; Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021.

The transcript of the *voir dire* examination of the jury was introduced in evidence at the hearing. There is nothing in the record to indicate that any of the jurors held opinions of the appellant's guilt prior to the trial. They all stated that they could and would lay aside any notions or thoughts they might have had relating to the case, and that they would decide the case solely upon the evidence and the law as instructed by the Court.

The *voir dire* record shows that all challenges for cause were granted by the Court and that the appellant did not even use his peremptory challenges. The record does not reveal anything faintly resembling a denial of due process.

As to the remaining grounds alleged in the amended and supplemental petitions, the District Judge denied them either because of a failure to exhaust available state remedies (28 U.S.C. § 2254), previous denial by a district court, the circuit court or both (28 U.S.C. § 2244), or because they did not present a question cognizable in a federal habeas corpus proceeding by a state prisoner.

We have carefully examined the entire record and find no prejudicial error. The District Court's order denying relief to the appellant is affirmed.