Ben **HITCHCOCK**, Petitioner-Appellant,

v.

**Frank A. EYMAN**, as Superintendent
of Arizona State Penitentiary,
Respondent-Appellee.

No. 23814.

United States Court of Appeals
Ninth Circuit.

Nov. 20, 1969.

Frank A. Schreck (argued), of Hil-
brecht, Jones & Schreck, Las Vegas,
Nev., for appellant.

Robert S. Linnell (argued) U. S.
Atty., John L. Thorndal, Asst. U. S.
Atty., Las Vegas, Nev., for appellee.

Before BARNES, DUNIWAY and
WRIGHT, Circuit Judges.

Ben Hitchcock, in pro. per.

Gary Nelson, Atty. Gen., Phoenix, Ariz., for appellee.

Before BROWNING, ELY, and WRIGHT, Circuit Judges.

PER CURIAM:

Petitioner was convicted of first degree murder and sentenced to life imprisonment in the Superior Court of the State of Arizona for the County of Maricopa. *See* State v. Hitchcock, 87 Ariz. 277, 350 P.2d 681 (1960). After exhausting state remedies,* petitioner filed a petition for habeas corpus in the United States District Court for the District of Arizona, alleging that he was denied due process (1) by pretrial publicity which precluded him from receiving a fair trial before an impartial jury; and (2) by the suppression by the prosecution of evidence favorable to petitioner.

The respondent filed an answer pursuant to the order of the district court. The district court denied the petition for habeas corpus without further proceedings.

With respect to the first ground, the district court concluded that the petition was "devoid of facts in support of its bald legal conclusion." With respect to the second ground, the district court concluded that the petition was insufficient because it failed to allege facts showing (1) the materiality of some of the evidence, and (2) the manner in which the prosecution had suppressed other evidence—by failing to disclose its existence, denying a request for its production, or otherwise.

Although we agree that the petition was insufficient in the respects suggested by the district court, petitioner should have been allowed to amplify his claims by amendment, if he could. Price v. Johnston, 334 U.S. 266, 291–294, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948); *see also* Holiday v. Johnston, 313 U.S. 342, 350, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941).

In the particular circumstances of this case, we believe petitioner should be represented by counsel; and the court may, of course, appoint such counsel though there is now no authorization for his compensation in a civil proceeding such as this.

Reversed and remanded for further proceedings.

---

* The district court's order recites that state remedies were exhausted, and respondent has not asserted the contrary.