**Ben HITCHCOCK, Plaintiff-Appellant,**

v.

**STATE OF ARIZONA, Frank A. Eyman, Warden, et al., Defendant-Appellee.**

**No. 71–1119.**

United States Court of Appeals,
Ninth Circuit.

July 20, 1971.

Rehearing Denied Aug. 6, 1971.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Ben Hitchcock, in pro. per.

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, Ariz., for appellee.

Before MERRILL, HUFSTEDLER, and TRASK, Circuit Judges.

PER CURIAM:

Hitchcock, an Arizona prisoner, appeals from the denial of this petition for a writ of habeas corpus following an evidentiary hearing.[1]

The only contention that merits discussion is Hitchcock's claim that publicity preceding and during his homicide trial prejudiced him. The publicity consisted of a few newspaper stories. The pretrial accounts gave some of Hitchcock's personal history and his and certain eyewitnesses' versions of the homicide. The newspaper stories published during the trial simply reported the course of the trial. We have examined

---

1. In 1958 petitioner was convicted of first degree murder. His conviction was affirmed by the Arizona Supreme Court in State v. Hitchcock (1960) 87 Ariz. 277, 350 P.2d 681.

After exhausting his state court remedies, petitioner filed a petition for federal habeas relief on June 13, 1968. This

the clippings, and we find nothing in them that supports his assertion that their publication deprived him of a fair trial. (*See, e. g.*, Evans v. Arizona (9th Cir. 1969) 410 F.2d 1122; Gawne v. United States (9th Cir. 1969) 409 F.2d 1399, cert. denied (1970) 397 U.S. 943, 90 S.Ct. 956, 25 L.Ed.2d 123; Loraine v. United States (9th Cir.) 396 F.2d 335, cert. denied (1968) 393 U.S. 933, 89 S. Ct. 292, 21 L.Ed.2d 270.)

The judgment is affirmed.

court reversed a denial of the petition and remanded to give petitioner an opportunity to amend his petition in Hitchcock v. Eyman (9th Cir. 1969) 418 F.2d 1245.

The present petition comprises a consolidation of the first petition and a second filed during petitioner's appeal.