Walter A. BRATTON, Petitioner,

v.

Maurice SIGLER, Respondent.

Charles R. WOODS, Petitioner,

v.

Maurice H. SIGLER, Respondent.

Civ. Nos. 800L, 819L.

United States District Court
D. Nebraska.

Nov. 18, 1964.

VAN PELT, District Judge.

These matters are before the court on separate applications for writs of habeas corpus filed by Walter A. Bratton and Charles R. Woods, respectively. Both petitioners are presently incarcerated in the Nebraska Penal and Correctional Complex. There being no factual dispute involved in these matters, the court has concluded that a hearing in either case would be unnecessary. The consolidation of these matters for decision is due to the similar question of law presented by both petitions.

In each instance the petitioners have claimed that the sentencing state court denied them the equal protection of the laws guaranteed by the Fourteenth Amendment in that the term of imprisonment imposed was not the same as that given to a co-defendant convicted of the same offense. In the case of Bratton, the Douglas County District Court imposed a six year sentence following his plea of guilty to the charge of robbery. The record indicates that this plea was entered while petitioner Bratton was represented by counsel. One Chester Barring, who also pleaded guilty to the same crime for which Bratton was sentenced, was given a four year term of imprisonment.

The petitioner Woods was likewise charged with the crime of robbery in the Douglas County District Court, and he too claims that an invidious discrimination resulted from the disparity of sentences imposed by the court. Both Woods and a co-defendant entered pleas of guilty to the charge of robbery. Woods was sentenced to serve a 10-year term of imprisonment whereas it is alleged that his co-defendant was given only a 4-year sentence.

As indicated, both petitioners were convicted of robbery. Under the applicable state law, Nebr.Rev.Stat. § 28–414 (Reissue 1956) each could have received a term of imprisonment anywhere from three to fifty years. Woods received only one-fifth of the maximum penalty while Bratton received less than one-eighth of the allowable maximum. The very reason for having flexibility in sentences is to allow for the discretion of the sentencing judge in order that he might consider such factors as the defendant's background, probable rehabilitation benefits or any extenuating circumstances. The use of this discretionary power of the sentencing judge is not a denial of the equal protection of the laws as has been asserted by these petitioners. Howard v. Fleming, 191 U.S. 126, 24 S.Ct. 49, 48 L.Ed. 121 (1903); United States v. Vita, 209 F.Supp. 172 (E.D.N.Y.1962); United States v. Litterio, 153 F.Supp. 329 (S.D. Tex.1957), aff'd 5 Cir., 244 F.2d 956 (5th Cir.), cert. denied 355 U.S. 849, 78 S.Ct. 75, 2 L.Ed.2d 58; Stevens v. State, 232 Md. 33, 43, 192 A.2d 73 (1963).

The petitioner Woods has set forth an additional ground for issuance of the writ. He asserts that it was prejudicially erroneous to bring before the court his past criminal records when the same was not done with regard to his co-defendant. This allegation, even if true, does not raise a question cognizable in a federal habeas corpus proceeding. This court has ruled that questions respecting the admissibility of evidence cannot be examined in a federal habeas corpus proceeding. Moss v. Sigler, 815L (Unreported). *A fortiori* the matters brought before a sentencing judge as a part of a presentence report cannot serve as a basis for habeas corpus relief in this court. Accordingly, the requirements of Title 28 U.S.C.A. § 2241 have not been satisfied.

For the reasons herein set forth, the applications of the petitioners Bratton and Woods will be denied. Separate orders will this day be entered.