**Evan Arthur HOOK, Petitioner-Appellant,**

v.

**STATE OF ARIZONA, Respondent-Appellee.**

No. 73–1695.

United States Court of Appeals, Ninth Circuit.

May 15, 1974.

B. Michael Dann, (argued), Phoenix, Ariz., for petitioner-appellant.

Shirley H. Frondorf, Asst. Atty. Gen., (argued), Bud Moore, Asst. Atty. Gen., Gary K. Nelson, Atty. Gen., Phoenix, Ariz., for respondent-appellee.

### OPINION

Before BROWNING and WRIGHT, Circuit Judges, and KING,* District Judge.

PER CURIAM:

Appellant Evan Arthur Hook, an Arizona prisoner, filed a petition for habeas corpus alleging he had not been allowed credit on his prison sentence for 236 days of presentence confinement. He asserted that since his prison sentence was for the maximum term allowed by the applicable Arizona statute depriving him of this credit denied him equal protection of the law. He asked that the state be required to deduct the presentence time served from his sentence. Appellant also asserted that the district attorney "inferred and implied" that he would get credit for time served if he pleaded guilty, and that this "acted as further inducement for petitioner to enter a plea of guilty." The district court held "there is no federal constitutional right to credit for time served prior to sentence," and denied the writ. The court did not discuss the allegation that an unkept promise had induced appellant's guilty plea.

The court granted appellant a certificate of probable cause, and he appealed.

■■ Under Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), a prisoner may not be confined

---

* Honorable Samuel P. King, United States District Judge, District of Hawaii, sitting by designation.

for more than the maximum period of imprisonment provided by statute for a given offense because he fails to pay a fine by reason of indigency. The *Williams* rule also requires that time a defendant spends in jail before sentence because he is unable to raise bond must be credited if he is later sentenced to a maximum term. "[T]he inability of an indigent criminal defendant to make bond should not result in extending the duration of his imprisonment beyond the statutory maximum." Hart v. Henderson, 449 F.2d 183, 185 (5th Cir. 1971). *See also* Hill v. Wainwright, 465 F.2d 414 (5th Cir. 1972).

■ The Arizona court sentenced appellant to 9-to-10 years on each of two counts of forgery with a credit card, A. R.S. §§ 13–1074, 13–1649, and 13–1650, the sentences to run concurrently. The maximum imprisonment authorized by the statute was ten years on each count. The district court believed appellant had not been sentenced to the maximum because the sentences were to be served concurrently rather than consecutively. But we held in Lee v. United States, 400 F.2d 185, 188 (9th Cir. 1968), that "each conviction is separate . . . if the statutory maximum term is imposed, the order that the sentences run concurrently does not vitiate the contention that defendant received the maximum prison sentence." *Lee* involved a federal sentence, but there is no reason to apply a different rule to state sentences. *Lee* rests on the premise that "it is not easy to infer an intent to give credit for a few days or weeks of presentence custody from a failure to confine a defendant for an additional five years by ordering the sentences to run consecutively." 400 F.2d at 188. The inference is equally unjustifiable whether the sentencing judge sits in a state court or a federal one.

Nor does the fact that appellant was given a minimum term of nine years alter the fact that he was sentenced to the maximum term of ten. Whatever the minimum term Hook could serve, he was potentially liable to serve the statutory maximum. The fact that he might be paroled at an earlier point in time is irrelevant. He retains the right not to have that statutory maximum extended by reason of indigency. Appellant is therefore entitled to time served for any period of presentence confinement suffered due to indigency.

This may not dispose of the plea-bargaining issue. On remand the district court may determine that some of the 236 days of presentence confinement was not served because of an offense for which appellant was sentenced to a maximum term, or was not served because of appellant's indigency. As we read appellant's allegations, he charges that he was induced to plead guilty by an understanding that all of the time he had served, for whatever reason, would be credited to his sentence.

■ It is not clear, however, whether appellant has alleged an actionable bargain, or merely an unreasonable and mistaken subjective impression on his part. *Compare* United States ex rel. Curtis v. Zelker, 466 F.2d 1092, 1098–1101 (2d Cir. 1972), *with* Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Appellant should be permitted to amend his vague and conclusory allegations (Hitchcock v. Eyman, 418 F.2d 1245 (9th Cir. 1969), 28 U.S.C. § 2242, *cf.* Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) if he wishes to do so in light of the determination on remand as to the amount of presentence time to be credited to his sentence.

We add this caveat: Assuming adequate allegations of an unkept promise by the prosecutor are tendered and established by proof on remand, it is not clear that appellant would be entitled to specific performance of the promise as distinguished from a right to withdraw his guilty plea, unless it also appeared that the judge participated in the agreement.

Reversed and remanded for further proceedings.