[No. 3588–2.   Division Two.   December 26, 1978.]

*In the Matter of the Personal Restraint of*
GARY LEE QUINLIVAN, *Petitioner.*

*Laurel Smith* of *Evergreen Legal Services,* for petitioner.

*Slade Gorton, Attorney General,* and *Nate D. Mannakee, Assistant,* for respondent.

SOULE, J.—Gary Lee Quinlivan has filed a personal restraint petition seeking credit for time spent in presentence confinement against the discretionary minimum sentence imposed by the Board of Prison Terms and Paroles.

Two issues are raised in his petition: (1) whether such credit is constitutionally required under the state and federal provisions of due process, equal protection and the prohibition against multiple punishments, and (2) whether any credit is required under RCW 9.95.063 as presently interpreted by the Washington Supreme Court. We hold that credit for such presentence detention time is not required by the state and federal constitutions. However, under RCW 9.95.063 petitioner is entitled to receive credit for the 26 months between the date of his first conviction and the date of his resentencing following an appeal which granted him a new trial.

In December 1963, petitioner was arrested and held in jail without bail on two counts of homicide and one count of kidnapping. He was found incompetent to stand trial and was transferred to Eastern State Hospital for observation and treatment. Between December 1963 and February 1971, petitioner was variously confined in the county jail, Eastern State Hospital and Washington State Penitentiary. In February 1971, he was tried and convicted of one count of first–degree murder, one count of second–degree murder and one count of kidnapping. A death sentence was imposed, and petitioner was transferred to Washington State Penitentiary. This conviction was reversed and remanded by the Washington Supreme Court in August 1972. *See State v. Quinlivan,* 81 Wn.2d 124, 499 P.2d 1268 (1972). In April 1973, petitioner pleaded guilty to two counts of second–degree murder and was sentenced to two concurrent life imprisonment terms.

On September 14, 1973, the Board of Prison Terms and Paroles established a 25–year discretionary minimum term for petitioner to serve before becoming eligible for parole. The record discloses that the board was aware that petitioner had been confined continuously from December 1963 in either county jail, Eastern State Hospital, Washington State Penitentiary or other prison facilities when it set the minimum sentence. However, the board determined that petitioner must serve *an additional 25 years in prison*

before becoming eligible for parole. During oral argument, petitioner's attorney conceded that the board no doubt subjectively considered the 9 1/2 years that petitioner spent in confinement before it set the 25–year minimum term. Petitioner claims that day for day credit for time spent in confinement between December 1963 and April 1973 is constitutionally required against the discretionary minimum term. We cannot agree.

Absent a statute to the contrary, the traditional rule is that a defendant does not have a constitutional right to receive credit for presentence detention against either a maximum or minimum sentence that is imposed. *See Parker v. Estelle,* 498 F.2d 625, 627 (5th Cir.), *cert. denied,* 421 U.S. 963, 44 L. Ed. 2d 450, 95 S. Ct. 1951 (1974). The rule has developed, however, that when the failure to credit a defendant with presentence detention can result in his serving a greater sentence than the statutory maximum due to his poverty or inability to post bail, or other impermissible classification, equal protection is violated. *E.g., Hook v. Arizona,* 496 F.2d 1172 (9th Cir. 1974); *Ham v. North Carolina,* 471 F.2d 406, 408 (4th Cir. 1973); *Hart v. Henderson,* 449 F.2d 183, 185 (5th Cir. 1971). The concern is that by failing to credit presentence detention time against the statutory maximum sentence, two classifications of prisoners are created: those able to post bail who can be required to serve no more than the statutory maximum sentence; and those unable to post bail, or to whom bail is otherwise unavailable, who may be required to serve the statutory maximum sentence *plus* the presentence time. The federal courts now uniformly hold that such classifications violate equal protection and the prohibition against multiple punishments. *E.g., Hook v. Arizona, supra; Hart v. Henderson, supra; Taylor v. Gray,* 375 F. Supp. 790 (E.D. Wis. 1974). This same analysis has been held in some jurisdictions to require a reduction of the mandatory minimum sentence. *See Sawyer v. Clark,* 386 F.2d 633 (D.C. Cir. 1967); *Dunn v. United States,* 376 F.2d 191 (4th Cir.

1967); *Reanier v. Smith,* 83 Wn.2d 342, 517 P.2d 949 (1974).[1]

However, the constitutional principle requiring credit for presentence detention against the statutory maximum and mandatory minimum terms does not compel the result sought by petitioner. It has recently been held by the Ninth Circuit "[t]here is no such constitutional right except in those cases where a defendant's sentence combined with jail time is greater than the maximum punishment provided by law." *Corley v. Cardwell,* 544 F.2d 349, 353 (9th Cir. 1976), *cert. denied,* 429 U.S. 1048, 50 L. Ed. 2d 763, 97 S. Ct. 757 (1977). *See also Makal v. Arizona,* 544 F.2d 1030 (9th Cir. 1976). Thus, even though as a result of pretrial detention, petitioner's date of parole is extended, equal protection is not violated. Since petitioner was sentenced to a maximum term of life imprisonment, he is not in fact required to serve more than his mandatory maximum term when the discretionary 25-year minimum term is added to his presentence detention time. Therefore, equal protection is not violated.

This reasoning appears to have been endorsed by the United States Supreme Court in *McGinnis v. Royster,* 410 U.S. 263, 35 L. Ed. 2d 282, 93 S. Ct. 1055 (1973). In *McGinnis* the court upheld the constitutionality of a New York statute which denied good time credits for presentence confinement in jail toward the determination of the prisoner's minimum parole eligibility date. The computation of good time credits is analogous to the determination of the discretionary minimum term since they both involve parole board discretion in establishing the date of release. The court acknowledged that two classifications of prisoners are created by the statute: those detained prior to sentencing who may serve a longer time in confinement than

---

[1] As a result of an earlier personal restraint petition, petitioner has received credit for presentence detention time served between December 1963 and February 1971 against his mandatory minimum term of 7 1/2 years in accordance with the requirements of *Reanier v. Smith,* 83 Wn.2d 342, 517 P.2d 949 (1974).

those not detained. However, it held that the classifications were supported by a rational basis since the aim of prisons is to rehabilitate while most pretrial detention facilities only attempt to detain prisoners. Thus, the parole board can be constitutionally required to consider only time spent in prison in making its ultimate determination on the prisoner's rehabilitation. *McGinnis v. Royster, supra* at 268–74, 35 L. Ed. 2d at 288–91, 93 S. Ct. at 1058–60.

Petitioner relies heavily on the recent Washington case of *Reanier v. Smith, supra,* to support his constitutional claim for credit. *Reanier* held that the failure to credit a prisoner's mandatory maximum and mandatory minimum sentences with pretrial detention time violates due process, equal protection and the prohibition against multiple punishments. The court, however, did not extend the principle to the discretionary minimum term and noted that "[t]hey [petitioners] do not seek such credit against minimum terms as such may be fixed by the Board of Prison Terms and Paroles within its discretionary power." *Reanier v. Smith, supra* at 343. We recognize that in *Reanier v. Smith, supra,* our Supreme Court made reference to the ABA Standards for Criminal Justice and Model Penal Code standards involving sentencing procedures which call for credit for pretrial detention against the minimum and maximum sentences imposed. *Reanier v. Smith, supra* at 348. The commentary to the ABA Standards and to the Model Penal Code section, however, indicate that they are directed toward sentencing judges, not the parole board. ABA Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures ¶ 3.6, Comment (Approved Draft 1968); Model Penal Code § 7.09 (Approved Draft 1968). In neither source do the drafters appear to limit the discretion of the parole board in establishing the discretionary minimum term.

The purpose behind the *Reanier* decision and the federal authorities cited herein is to insure that prisoners do not serve more than the mandatory minimum and mandatory maximum sentence because of their pretrial and

presentence detention. *Reanier v. Smith, supra* at 346–47. This purpose is not advanced if *Reanier* were interpreted to include persons seeking credit against the discretionary minimum term in its holding. The very nature of determining the discretionary minimum sentence by the parole board involves the possibility of unequal treatment of prisoners. Absent constitutional or statutory restrictions upon the discretion of the Board of Prison Terms and Paroles, the board is authorized under RCW 9.95.040 to exercise its discretion in setting the minimum duration of confinement based upon its determination of the earliest date of rehabilitation for a particular prisoner. *See State v. Coma,* 69 Wn.2d 177, 417 P.2d 853 (1966); *Siipola v. Ness,* 90 F. Supp. 18 (W.D. Wash. 1950). *See also State ex rel. Alldis v. Board of Prison Terms & Paroles,* 56 Wn.2d 412, 415, 353 P.2d 412 (1960); *Pierce v. Smith,* 31 Wn.2d 52, 195 P.2d 112 (1948). A rational basis exists to support the two classifications of prisoners that may be created by the failure to require credit for presentence detention time against the discretionary minimum term. Those prisoners who do not serve presentence detention time may become eligible for parole after the discretionary minimum term has been served; those prisoners, like petitioner, who have served presentence detention time will have served both the presentence detention time plus the discretionary minimum term before they become eligible for parole. However, the parole board may well have determined that the protection of society requires that the latter class of prisoners must serve longer periods of confinement before they are fit for release, and we refuse to interfere with such a discretionary decision made by the board. We hold that no constitutional principle required the parole board to credit petitioner with time spent in presentence confinement between December 1963 and April 1973 when it set the discretionary minimum term. We now turn to whether any statutory restriction on parole board discretion requires any such credit.

■ RCW 9.95.063[2] requires that a defendant who has been imprisoned during any post–trial proceedings which result in a new trial and subsequent conviction receive credit for the period of imprisonment served between the original and subsequent conviction. The statute does not expressly require such credit against the discretionary minimum term. In *Lindsey v. Superior Court,* 33 Wn.2d 94, 204 P.2d 482 (1949), our Supreme Court concluded that this statute requires credit upon the discretionary minimum term as well as the maximum sentence imposed by the trial court. *Lindsey v. Superior Court, supra* at 104. However, in *Lindsey,* the court limited the credit granted to the period of detention following the date of the defendant's original conviction and sentence which was later reversed on appeal. When applied to petitioner, RCW 9.95-.063 as interpreted by *Lindsey v. Superior Court, supra,* requires only that the parole board credit petitioner with the 26 months of confinement between February 1971, the date of his original conviction for first–degree murder, and April 1973, the date he pleaded guilty to two counts of second–degree murder following the reversal of his original convictions and was sentenced to life imprisonment. He would not be entitled to credit for pretrial detention and thus would not receive credit for the entire period of confinement between December 1963 and April 1973.

We note that if this were a case of first impression in this state, we would reach the result urged by the dissent in *Lindsey* and limit the application of RCW 9.95.063 to the maximum sentence imposed by the trial court. *See Lindsey v. Superior Court, supra* at 105 (Hill, J., dissenting). It is our belief, in accordance with Justice Hill's dissent, that this court does not have the authority to tell the Board of

---

[2]RCW 9.95.063 states:

"If a defendant who has been imprisoned during the pendency of any post–trial proceeding in any state or federal court shall be again convicted upon a new trial resulting from any such proceeding, the period of his former imprisonment shall be deducted by the superior court from the period of imprisonment to be fixed on the last verdict of conviction."

Prison Terms and Paroles what credit it shall apply on the duration of confinement except in very limited circumstances when credit is mandated by statute or constitutional principles. However, as we are bound to follow the majority opinion in *Lindsey,* we hold that RCW 9.95.063 requires that the parole board credit petitioner with the 26 months of confinement he served between the date of his first conviction in February 1971 and the date he pleaded guilty to second–degree murder in April 1973.

Accordingly, we remand this matter to the Board of Prison Terms and Paroles for further proceedings consistent with this opinion.

REED, A.C.J., and JOHNSON, J. Pro Tem., concur.