[No. 3799–2.   Division Two.   December 11, 1979.]

*In the Matter of the Welfare of*
ANNETTE L. ERICKSON.

*John D. Nellor,* for appellant.

*James E. Carty, Prosecuting Attorney,* and *Richard A. Monaghan, Deputy,* for respondent.

SOULE, J.—Appellant, a 13–year–old girl, pleaded guilty to taking a motor vehicle without the owner's permission and third–degree theft. The juvenile court sentenced her to 6 months' community supervision on the vehicle offense, and 3 months on the theft. Pursuant to RCW 13.40.190, the court ordered her to pay restitution and perform 50 hours of community service. Appellant attacks the constitutionality of the order, alleging that for juvenile offenders compelled community service and restitution constitute involuntary servitude. We reject that allegation and affirm the trial court order.

The thirteenth amendment to the United States Constitution prohibits slavery or involuntary servitude "except as a punishment for crime whereof the party shall have been duly convicted, . . ." Appellant argues, essentially, that since juvenile offenses are not denominated "crimes," and juvenile disposition orders are not considered criminal convictions, they do not fall within the constitutional exception. The Washington Supreme Court recently held in *State v. Lawley,* 91 Wn.2d 654, 591 P.2d 772 (1979), that the 1977 juvenile justice act did not make juvenile proceedings so similar to adult criminal prosecutions that the accused juvenile had a right to a jury trial. *Lawley* did, however, recognize the criminal aspect of juvenile proceedings, and that the new law places an emphasis on accountability of juveniles for criminal behavior. The law mandates punishment commensurate with the age, crime, and criminal history of the offender. RCW 13.40.010(2)(d); 13.40.030. Although there is no right to a jury trial in juvenile proceedings, the law guarantees basic due process rights to juveniles. These include the right to counsel, compulsory attendance of witnesses, a verbatim transcript of the proceedings, and the privilege against self–incrimination. RCW

13.40.140. The statute specifically describes the performance of community service as "punishment for committing an offense" and defines a juvenile offense as an act which would constitute a crime if it were committed by an adult. RCW 13.40.020(2), (14). Given these similarities with the adult criminal justice system, we hold that the juvenile disposition order did constitute "punishment for crime" sufficient to fall within the constitutional exception to involuntary servitude.

The court reached the same result in *M. J. W. v. State,* 133 Ga. App. 350, 210 S.E.2d 842 (1974), relying on a similar statutory definition of juvenile offenses, and the quasi-criminal aspects of the juvenile law, to hold that community service work constituted punishment for crime. The court in *M. J. W. v. State, supra,* also recognized the other basic foundation of the juvenile justice system, the state's power to protect child welfare.

> "The provisions of the state and federal Constitutions relating to involuntary servitude do not have reference to the legitimate authority for the control and education of children, since a child may be subjected to restraints that may be necessary for his proper education and discipline that could not be applied to adults."

*In re Bacon,* 240 Cal. App. 2d 34, 62, 49 Cal. Rptr. 322, 339 (1966), quoting 16 C.J.S. *Constitutional Law* § 203(5), at 1001, 1004; *In re Santillanes,* 47 N.M. 140, 138 P.2d 503 (1943). It appears, therefore, that there would be no constitutional violation even if we were unable to hold that the juvenile disposition order constituted punishment for crime and viewed it solely as an exercise of the state's power to protect child welfare.

Appellant argues that she cannot pay restitution because she is virtually unemployable at the age of 13, principally due to the Washington child labor law, RCW 26.28.060.[1] The Juvenile Justice Act of 1977 specifically provides that

---

[1]This provision does allow persons under the age of 14 to work with the written permission of a superior court judge.

> [t]he court may not require the respondent to pay full or partial restitution if the respondent reasonably satisfies the court that he or she does not have the means to make full or partial restitution and could not reasonably acquire the means to pay such restitution.

RCW 13.40.190(1). Nothing in the record provided indicates that this issue was ever presented to the trial judge, and as such it is deemed waived by the appellant. *State v. Robinson,* 78 Wn.2d 479, 475 P.2d 560 (1970).

The trial court order is affirmed.

REED, A.C.J., and PETRIE, J., concur.

Reconsideration denied January 9, 1980.

Review denied by Supreme Court March 7, 1980.