[No. 54022-5.   En Banc.   February 18, 1988.]

*In the Matter of the Personal Restraint of*
ROBERT JACK BENNINGHOVEN.

THE STATE OF WASHINGTON, *Petitioner.*

*Kenneth O. Eikenberry, Attorney General,* and *James B. Hansen, Assistant,* for petitioner.

*Barton L. Jones,* for respondent.

GOODLOE, J.—The petitioner, State of Washington, seeks review of a Court of Appeals order of remand requiring the Indeterminate Sentence Review Board to give Robert Benninghoven a 13-month (395-day) credit against his 60-

month discretionary minimum term. We reverse and hold that the board properly gave Benninghoven a 12–month credit in determining his discretionary minimum term. Furthermore, we remand to the board to deduct the 1–month excess credit from Benninghoven's 60–month discretionary minimum term.

Benninghoven was convicted of second degree statutory rape and sentenced to a 10–year maximum term. He was sentenced under the indeterminate sentencing scheme rather than the Sentencing Reform Act of 1981 (SRA), RCW 9.94A, because he committed his crime prior to the adoption of the SRA. The indeterminate scheme requires the court to impose a maximum term provided by law for the conviction offense(s). RCW 9.95.010. The board then set the discretionary minimum term. RCW 9.95.040. Although the SRA does not retroactively apply when setting a discretionary minimum term, the board is required to

> consider the purposes, standards, and sentencing ranges adopted pursuant to [SRA guidelines] and the minimum term recommendations of the sentencing judge and prosecuting attorney, and shall attempt to make decisions reasonably consistent with those ranges, standards, purposes, and recommendations: *Provided,* That the board and its successors shall give adequate written reasons whenever a minimum term . . . is made which is outside the sentencing ranges adopted pursuant to [SRA guidelines].

RCW 9.95.009(2). *See Addleman v. Board of Prison Terms & Paroles,* 107 Wn.2d 503, 511, 730 P.2d 1327 (1986).

The board calculated Benninghoven's SRA sentence guideline range to be 6 to 12 months. It then deducted Benninghoven's 13–month credit for presentence jail time served to arrive at an adjusted range of zero. Finally, the board considered the facts of the case and decided to exceed the adjusted range and set the discretionary minimum term at 60 months based on exceptional circumstances. It provided written reasons for going outside the range; Benninghoven does not contend that the reasons

were inadequate or that the exceptional sentence is unreasonable.

Benninghoven filed a personal restraint petition with this court which the commissioner transferred to the Court of Appeals, Division Three. The Court of Appeals by order of remand directed the board to deduct Benninghoven's 13–month credit from his 60–month discretionary minimum term. The State seeks review of that order. We accepted discretionary review.

In determining maximum and minimum sentences, credit must be given for pretrial and presentencing detention time. *State v. Cook,* 37 Wn. App. 269, 270, 679 P.2d 413 (1984); *Reanier v. Smith,* 83 Wn.2d 342, 346, 517 P.2d 949 (1974). "Failure to allow credit violates due process, equal protection, and the prohibition against multiple punishments." *Cook,* at 271.

The procedure for applying detention time credits was outlined in *State v. Phelan,* 100 Wn.2d 508, 671 P.2d 1212 (1983). In *Phelan,* this court held that to fulfill constitutional requirements

> the Board must give full day–for–day credit for jail time. General "consideration" of such time is insufficient—*the Board must give full credit in determining the guideline range. Having given such credit, the Board need give no further consideration to jail time and is then free, subject to its own regulations, to set the discretionary minimum term anywhere within the guideline range, or even outside the range if it provides written justification.* We do not hold that the Board is barred from making changes in its calculation process but only that the process must be such as to assure a record showing the prisoner was given full day–for–day credit for his or her jail time.

(Italics ours.) *Phelan,* at 518.

The board fulfilled all the requirements in setting Benninghoven's discretionary minimum term. The board deducted Benninghoven's credit after determining his SRA guideline range. This reduced the guideline range to zero. It then imposed an exceptional sentence. In doing so, it had

full knowledge of Benninghoven's 13–month credit and presumably took this credit into account.

Benninghoven contends that the total minimum sentence, including any exceptional term, should be set before detention time credits are subtracted day for day from the total minimum sentence imposed. This method was used by the board up to the time *Phelan* was decided. But the court in *Phelan* rejected that method and held the credit must be applied when determining the guideline range, because applying credits after imposition of an exceptional sentence "has absolutely no effect on the guideline range, despite the fact that that aspect of the calculation process is clearly the most important." *Phelan,* at 518. We see no need to overrule *Phelan.*

However, this case raises an issue not present in *Phelan.* Benninghoven was entitled to a 13–month credit and his minimum guideline range was at the most 12 months. Benninghoven contends that he was not given a full day–for–day credit because his credit exceeded his SRA guideline range and was not fully used in reducing his range to zero. Since his credit could not be fully used, he argues that the board did not properly give him full credit as constitutionally required by *Phelan.* We agree that Benninghoven has not received full day–for–day credit, because a 1–month credit was not used. Therefore, we hold that where there is an excess credit after determining the guideline range, the board must apply that excess credit against the defendant's exceptional term if one is imposed.

We reverse the Court of Appeals order. Also, we remand to the board to deduct 1 month from Benninghoven's 60–month discretionary minimum term.

PEARSON, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, CALLOW, and DURHAM, JJ., concur.