UNITED STATES of America

v.

Anthony CAMPISI, Peter S. Campisi,
Peter A. Campisi, Carman
Charles Campisi.

Appeal of Peter A. CAMPISI.

No. 77–2506.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule
12(6) July 27, 1978.

Decided Sept. 7, 1978.

Peter A. Campisi, pro se.

Maryanne T. Desmond, Samuel A. Alito, Jr., Asst. U. S. Attys., Robert J. Del Tufo, U. S. Atty., Newark, N. J., for appellee.

Before ADAMS, WEIS and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

Petitioner, Peter A. Campisi, challenges an order of the District Court for the District of New Jersey denying a motion to vacate his sentence on the ground that delay in imposing the sentence violated his rights under Rule 32 of the Federal Rules of Criminal Procedure and under the Sixth Amendment.

## A.

On January 16, 1975, Peter A. Campisi entered a plea of guilty to a federal indictment charging him with conspiracy to receive, conceal and possess securities stolen from the mail in violation of 18 U.S.C. § 371. Two of Campisi's three co-defendants also entered guilty pleas. The third co-defendant did not then plead guilty.[1] The district judge, intending to sentence all the defendants at the same time, postponed sentencing pending completion of the proceedings relating to the third defendant and the compilation of presentence reports. Petitioner Campisi's presentence report was prepared by March 31, 1975. On May 13, 1975, the third co-defendant pleaded guilty to the same charge of conspiracy. Petitioner Campisi and his three co-defendants ultimately were sentenced to imprisonment for five years on June 9, 1975.

When petitioner entered his guilty plea to the charges in the federal indictment on January 16, 1975, he was being held in the custody of the State of New Jersey since separate charges of murder and conspiracy had been brought against him there. Petitioner subsequently pleaded guilty to those charges as well, and was sentenced by the state judge on June 12, 1975, to a fifteen-year term of imprisonment. The state sentence was made concurrent with the federal sentence, and the length of time that the petitioner had spent in state custody prior to sentencing by the state court was credited toward that sentence.

In his *pro se* brief, petitioner argues that the five-month interval between the time of his guilty plea and the date of his sentencing for the federal offense constituted a violation of Rule 32 of the Federal Rules of Criminal Procedure, as well as a denial of his Sixth Amendment right to a speedy trial.

## B.

█ Although the choice of the time for sentencing is generally within the realm of a trial judge's discretion, that discretion is not unfettered. Rule 32(a)(1), Fed.R. Crim.P., provides that "sentence shall be imposed without unreasonable delay." In determining whether a period of delay is unreasonable, it is necessary to look to the circumstances of each particular case. *See Pollard v. United States*, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); *Lott v. United States*, 309 F.2d 115, 122 (5th Cir. 1962), *cert. denied*, 371 U.S. 950, 83 S.Ct. 504, 9 L.Ed.2d 498 (1963). On the basis of the record here, we decline to classify the challenged delay as "unreasonable" within the meaning of Rule 32(a)(1).

In order to effectuate a just and individualized sentence of the petitioner, the district judge exercised sound judicial discretion in postponing disposition of his case until his presentence report was completed.[2] The judge's action in this regard was by no means extraordinary, for Rule 32(c), requires a presentence report in every case unless the court specifically directs otherwise. Thus, as the district judge perceived the facts here, the actual delay in sentencing was not five months, as petitioner alleges, but only about ten weeks, that is, the delay extended from the day the presentence report was completed, March 31, until June 9, when sentence was imposed.[3] Also,

---

1. The name of the third co-defendant, Peter S. Campisi, is strikingly similar to that of petitioner, Peter A. Campisi. To avoid any confusion, in this opinion we will refer to Peter A. Campisi as "the petitioner."

2. *Cf.* M. Frankel, *Criminal Sentences* 35 (1973) (". . . whatever its defects, the presentence investigation is indispensable in any sentencing scheme that does not treat the infinite varieties of people as entirely fungible. This means . . . that [the district judge] could not pretend at all to any measure of sense in sentencing without the basic presentence investigation."); *see also* Katkin, *Presentence Reports*, 55 *Minn.L.Rev.* 15, 20 (1970) ("offenders can be treated in a consistent and uniform manner in a system which emphasizes individualization only when the sentencing authority has adequate information to know what variables of personality are being dealt with. Without such reports the decision as to sentence can rest only on hunches and impressions, an unsteady base at best").

3. We note that pursuant to the requirements of Rule 50(b), Fed.R.Crim.P., and the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*, the

as mentioned, it was during this interval that the third co-defendant pleaded guilty to the federal conspiracy charges against him. Under these circumstances, we cannot say that the district judge abused his discretion in deferring petitioner's sentence for some ten weeks so that *all* defendants named in the indictment could be sentenced at one time. *See United States v. Sclafani,* 487 F.2d 245, 252 (2d Cir.), *cert. denied* 414 U.S. 1023, 94 S.Ct. 445, 38 L.Ed.2d 314 (1973); *Lott v. United States, supra,* 309 F.2d at 122.

## C.

■ Inasmuch as we have rejected petitioner's contention with respect to Rule 32, we next consider his Sixth Amendment argument. Initially, we note that the Supreme Court has not held squarely that the constitutional right to a speedy trial includes the right to a speedy sentence. However, in *Pollard v. United States,* 352 U.S. 354, 361, 77 S.Ct. 481, 486, 1 L.Ed.2d 393 (1957), the Supreme Court did "assume *arguendo* that sentence is part of the trial for purposes of the Sixth Amendment." We shall follow the same approach in scrutinizing petitioner's claim here.

The Supreme Court has identified four factors to be weighed when analyzing whether there has been a violation of a defendant's right to a speedy trial: the length of the delay, the reasons for the delay, whether and when the defendant expressly asserted his Sixth Amendment rights, and whether the defendant was prejudiced as a result of the delay. *See Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).[4] Treating petitioner's argument as within the confines of speedy trial analysis, and applying the balancing test enunciated in *Barker,* we find that the delay in sentencing in the circumstances of this case would not give rise to a constitutional violation.

Having already discussed the length of the delay in sentencing[5] and the reasons for it, we observe—although, of course, it is not by itself determinative—that petitioner first asserted his right to a "speedy sentence" on April 25, 1975. Thus, three of the five months of the delay cited by petitioner passed before he pressed for vindication of his claimed rights under the Sixth Amendment.

So far as petitioner's allegations of prejudice resulting from the delay are concerned, he contends that as a result of the delay (1)

United States District Court for the District of New Jersey proposed its Plan for Prompt Disposition of Criminal Cases. *See* 18 U.S.C. § 3165. Section II(7)(a) of the New Jersey Plan provides in relevant part that "a defendant shall ordinarily be sentenced within 45 days of the date of his conviction or plea of guilty or nolo contendere." Since neither the final Plan nor any of the interim plans, authorized by 18 U.S.C. § 3164, had been in effect at the time the facts giving use to this case took place, we do not reach the question whether petitioner can find relief in its provisions.

**4.** The Fifth Circuit in *United States v. Campbell,* 531 F.2d 1333, 1335 (1976) applied the *Barker* balancing test to the sentencing situation. *Accord, United States v. Nunn,* 435 F.Supp. 294, 295 (N.D.Ind.1977). The Second and Eighth Circuits have adopted similar approaches in pre-*Barker* cases. *See United States v. Tortorello,* 391 F.2d 587, 589 (2d Cir. 1968); *Brooks v. United States,* 423 F.2d 1149, 1151–52 (8th Cir.) *cert. denied* 400 U.S. 872, 91 S.Ct. 109, 27 L.Ed.2d 111 (1970).

**5.** Other courts have rejected speedy trial claims in cases in which the period from the entry of a

plea or of conviction to sentencing was considerably longer than it was here. *See, e. g., Pollard v. United States,* 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957) (24 months); *Brooks v. United States,* 423 F.2d 1149 (8th Cir.) *cert. denied* 400 U.S. 872, 91 S.Ct. 109, 27 L.Ed.2d 111 (1970) (10 months); *United States v. Tortorello,* 391 F.2d 587 (2d Cir. 1968) (29 months). In addition, in those cases in which courts have viewed delays in sentencing as excessive, the length of the delays involved have generally tended to far exceed five months. *See, e. g., United States v. Campbell,* 531 F.2d 1333 (5th Cir. 1976) (six year delay; case remanded for consideration of defendant's allegations of prejudice); *Juarez-Casares v. United States,* 496 F.2d 190 (5th Cir. 1974) (delay of 31 months; sentence vacated and defendant released); *Brady v. Superintendent,* 443 F.2d 1307 (4th Cir. 1971) (eight year delay excessive, but did not warrant relief); *United States v. James,* 459 F.2d 443 (5th Cir.) *cert. denied* 409 U.S. 872, 93 S.Ct. 202, 34 L.Ed.2d 123 (1972) (three year delay unreasonable, but no relief granted because no prejudice resulted).

he was "required to serve his federal sentence in the federal penitentiary in Atlanta, Georgia, a place more than 800 miles from his family"; (2) he lost his right to a parole hearing with respect to his state sentence; and (3) a New Jersey detainer recorded against him while he was incarcerated in federal prison caused "irreparable custodial restrictions." While these various consequences may have flowed from petitioner's conviction on federal charges—and we are unable to determine whether they did or not—petitioner has not indicated, and we do not discern, the nexus between these alleged occurrences and the delay in sentencing by the district court.

There is no reason to believe that petitioner's situation would have been different in any of the enumerated respects if he had been sentenced on the day he entered his guilty plea rather than five months later. For example, the decision that petitioner serve his federal sentence in Georgia rather than in New Jersey cannot be deemed to be the result of any delay in sentencing as such. Indeed, the designation of the place of detention of a federal prisoner is within the sole discretion of the Attorney General of the United States. *See* 18 U.S.C. § 4082. And 18 U.S.C. § 4083 provides that "[p]ersons convicted of offenses against the United States . . . may be confined in *any* United States penitentiary" (emphasis added).

Similarly, inasmuch as petitioner's federal sentence *antedated* his state sentence his right to a state parole hearing could not have been directly affected by delay in imposing the federal sentence. Also, postponement of sentencing could not have led to the "irreparable custodial restrictions" said to have resulted from the lodging of a state detainer while Campisi was confined in federal prison, for his sentencing occurred prior to such confinement and thus the delay in sentencing would appear to be unrelated to the subsequent lodging of a detainer.

### D.

Since petitioner's motion to vacate his sentence was denied without an evidentiary hearing, we must ascertain whether it was error to resolve the questions raised in the petition in the absence of a hearing.

The statute directs a district court to "grant a prompt hearing" when a petition for *habeas corpus* relief is filed and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In our consideration, this is a case in which the issues raised by petitioner may be conclusively determined on the basis of the motion itself and "the files and records of the case" before the district judge. Unlike *Machibroda v. United States,* 368 U.S. 487, 494–95, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962), where the "factual allegations contained in the petitioner's motion and affidavit . . . related primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light," the issues raised by the petition relate to occurrences that are fully documented. Petitioner has alleged no facts beyond those appearing in the record. Thus, an evidentiary hearing would have served no apparent purpose.

For the foregoing reasons, the judgment of the district court will be affirmed.