[No. 6388-7-III.   Division Three.   September 12, 1985.]

THE STATE OF WASHINGTON, *Respondent*, v.
EUGENE W., *Appellant*.

*Katherine D. Makus, James L. Nagle,* and *Makus & Makus,* for appellant (appointed counsel for appeal).

*Arthur R. Eggers, Prosecuting Attorney,* and *Mary A. Koch, Deputy,* for respondent.

MUNSON, J.—Eugene W. appeals the trial court's denial of his motion to dismiss for failure to hold a disposition hearing within juvenile court rule time limits. We affirm as modified herein.

On August 24, 1983, Eugene W., a 13–year–old juvenile, was charged in Walla Walla Juvenile Court with three counts of second degree rape. He was taken into custody and held pursuant to an order of detention filed August 25. On September 22, 1983, he entered a plea of guilty to one count of third degree rape. Meanwhile, Eugene W.'s group home placement was changed from Walla Walla to King County. Accordingly, this case was transferred to King County, but no disposition hearing was held there. Following the juvenile's relocation in a group home in Lewis County, the matter was returned to Walla Walla County Juvenile Court and again transferred, this time to Lewis County. Lewis County declined to conduct the disposition hearing because of the delay; it was rescheduled and heard by the Walla Walla Juvenile Court on February 24, 1984, 5 months after the guilty plea was entered.

A motion to dismiss based on delay in disposition was denied. The court ruled prejudice had not been demonstrated and entered a disposition order.

Eugene W. contends the trial court erred in not dismissing the charge when the disposition hearing was not held within the time limits set in RCW 13.40.130(8) and JuCR 7.12(a).

The Juvenile Justice Act of 1977, RCW 13.40, establishes disposition standards for juvenile offenders and provides in subsection 13.40.130(8):

> (8) The disposition hearing shall be *held within four-teen days after* the adjudicatory hearing or plea of guilty unless good cause is shown for further delay, or *within*

*twenty-one days* if the juvenile is not held in a detention facility, unless good cause is shown for further delay.

(Italics ours.) JuCR 7.12 sets forth the corresponding court rule and provides:

> **(a) Time.** A disposition hearing shall be held if the juvenile has pleaded guilty or has been found guilty by the court. The hearing may be held immediately following the juvenile's plea of guilty or immediately following the adjudicatory hearing if found guilty by the court. The *disposition hearing may be continued* for a period of *up to 14 days after* the plea or the conclusion of the hearing, unless good cause is shown for a further continuance. Notice of a continued hearing shall be given to all parties in accordance with rule 11.2.[1]

(Italics ours.)

Here, the record is devoid of any request for a continuance, much less of a showing of good cause. This juvenile simply fell through the cracks and was lost in the system. No explanation is given for the gap in Eugene W.'s paper trail from Walla Walla to King County and back to Walla Walla. On the other hand, once the juvenile court in Walla Walla transferred the matter to King County, Walla Walla County had every reason to anticipate it would be handled in King County. Eugene W. had apparently come to the Blue Mountain Boy's Ranch in Walla Walla County as a dependent child, pursuant to an order from King County, the residence of his mother. Given the nature of the accusations and the one count to which he pleaded guilty, he

---

[1]RCW 9.94A.110 pertains to adult sentencing hearings, as of July 1, 1984. It states, in pertinent part: "The sentencing hearing shall be held within *forty court days* following conviction. Upon the motion of either party for good cause shown, or on its own motion, the court may extend the time period for conducting the sentencing hearing." (Italics ours.)

CrR 7.1(a), implementing RCW 9.94A.110, states in pertinent part: "At the time of, or within 3 days after, a plea, finding, or verdict of guilt of a felony, the court may order that a presentence investigation and report be prepared . . . The court shall also then:

"(1) Set a date, time, and place for sentencing in compliance with the time requirements of RCW 9.94A.110;"

As in the juvenile statute and court rule, no sanction is prescribed for noncompliance.

could not remain at the Boy's Ranch. Thus, he was returned to the county of his residence. The record does not indicate which supervising agency originally placed him at the Boy's Ranch, or which agency subsequently changed his residence from King to Lewis County. Likewise, Walla Walla County could reasonably presume the matter would be handled by Lewis County.

■ The untimely sentencing here was error under JuCR 7.12(a) and RCW 13.40.130(8). Nor did it serve to promote the goals of the juvenile justice act: (1) to respond to the needs of youthful offenders, and (2) to hold juveniles accountable for their offenses. RCW 13.40.010(2). *See also* Comment, *Juvenile's Right to a Speedy Trial in Washington,* 14 Gonz. L. Rev. 389 (1979); *In re M.A.S.,* 679 S.W.2d 548 (Tex. Ct. App. 1984); *In re J.E.G.,* 144 Vt. 309, 476 A.2d 130, 134 (1984). While neither the statute nor the court rule impose a sanction for their violation, *cf.* CrR 3.3(i), the trial court should make every effort to comply or set forth reasons for the delay.

We hold the defendant must show prejudice before this court will undertake to impose a remedy for violation of JuCR 7.12(a) or RCW 13.40.130(8). If Eugene W. were raising the matter as a constitutional speedy sentencing issue, he would have the burden to show prejudice and that the delay was "purposeful or oppressive". *Pollard v. United States,* 352 U.S. 354, 361, 1 L. Ed. 2d 393, 77 S. Ct. 481 (1957); *State v. Johnson,* 100 Wn.2d 607, 629–30, 674 P.2d 145 (1983); *State v. Edwards,* 93 Wn.2d 162, 606 P.2d 1224 (1980); *State v. Lammert,* 14 Wn. App. 137, 540 P.2d 466 (1975); *Tinghitella v. California,* 718 F.2d 308 (9th Cir. 1983); *United States v. Campisi,* 583 F.2d 692, 52 A.L.R. Fed. 470 (3d Cir. 1978). Here, counsel acknowledged there was no prejudice; we find no purposeful or oppressive delay. Thus, no reversible error occurred.

■ Eugene W. also contends he is entitled to credit for time served. We agree. He is entitled to receive credit against the supervision and community service requirements for the periods he was under an order of detention

both before pleading guilty and between entry of the plea and disposition. He is still obligated, however for $70 court costs and $50 crime victim's compensation. Contrary to Eugene W.'s assertion, granting credit for time served does not result in dismissal; the guilty plea and adjudication will remain a part of his juvenile record. *See State v. Cook,* 37 Wn. App. 269, 679 P.2d 413 (1984).

Affirmed as modified.

GREEN, C.J., concurs.

THOMPSON, J. (concurring)—I agree with the majority that failure to timely enter disposition was error and since Eugene W. admitted he suffered no prejudice from the delay, the juvenile court should be affirmed. However, the burden of showing prejudice should not rest with the party for whose benefit the time limits were imposed. I also disagree with the rule that before the court will impose a remedy, a juvenile must meet the same stringent constitutional standard of demonstrating delay was purposeful and oppressive as if no time limits were set. Here, there are time limits.

The cases relied on by the majority were not construing a statute and court rule containing a specific sentencing time limit. They were construing a court rule that provided sentencing must occur without "unreasonable delay" and a legal concept referred to as the "constitutional right to a speedy sentence". Since RCW 13.40.130(8) and JuCR 7.12(a) provide the time within which disposition should be imposed, cases construing the meaning of "unreasonable delay" and setting a constitutional speedy sentence standard are inapplicable.

Because Eugene W. has admitted he was not prejudiced, dismissal would not serve the ends of justice. But in those instances where statutes or court rules impose time limits, the party who violates that time limit should have the laboring oar. To hold otherwise allows a party to ignore time limits with impunity save in those rare instances

where a showing of prejudice and purposeful or oppressive delay can be demonstrated. To obviate this result I would require the State to show the absence of prejudice to the accused.

Review denied by Supreme Court November 8, 1985.