969 P.2d 450 (1999)
137 Wash.2d 149
STATE of Washington, Respondent,
v.
Keith MARTIN, Petitioner.
No. 65454-9.
Supreme Court of Washington, En Banc.
Argued February 24, 1998.
Decided January 7, 1999.
*451 Washington Appellate Project, Stella S. Buder, Seattle, for Petitioner.
Norm Maleng, King County Prosecutor, Deanna J. Fuller, James M. Whisman, Deputies, Seattle, for Respondent.
MADSEN, J.
Defendant Keith Martin contends that his case should have been dismissed due to the State's failure to comply with his right to a speedy disposition, pursuant to RCW 13.40.130 and JuCR 7.12(a) or in the alternative that the court lost jurisdiction to sentence him because the hearing was scheduled more than 21 days after Defendant's guilty plea. We conclude that Martin was not prejudiced by the delay and affirm his conviction and sentence.

Facts
Keith Martin was charged in Chelan County on November 22, 1995, with two counts of first degree possession of stolen property. The charges stemmed from possession of two stolen cars. He was arraigned on November 28, 1995, at which time he was released to his parents to return home to King County. On January 9, 1996, he returned to Chelan County where he pleaded guilty to a single count of possession of stolen property; the second count was dismissed in exchange for his plea.
At Defendant's request, the parties agreed to transfer the matter from Chelan County to King County for disposition because Martin and his family lived in King County. The Chelan County deputy prosecutor requested a waiver of the 21 day disposition rule because of the logistic difficulties inherent in transferring the case to King County. Martin objected to any delay. The trial court denied the State's motion for an extension of time without prejudice to renew the motion in King County.
The case file was received in the King County Juvenile Court clerk's office on January 19, 1996. The case, however, was not filed until March 1, 1996. Counsel was appointed for Martin on March 12, 1996, and his disposition hearing was held on March 20, 1996. At the hearing, Martin's counsel objected to the untimely hearing and argued that the court was without power to impose an order of disposition. The judge found good cause to extend the hearing deadline because Martin had not been assigned counsel until March 12, 1996. The judge also found that Martin had failed to show prejudice resulting from the delay. Moreover, the judge observed that the delay had been caused by the transfer from Chelan County to King County, which was done as a courtesy to Martin. The judge then imposed a standard range disposition of six months community supervision, 40 hours' community service, and 10 days' detention with credit for time served. Martin was further ordered to: attend school; participate in counseling; abide by a curfew; not use any drugs or alcohol; not possess weapons; and commit no new offense.
*452 Martin appealed. In an unpublished decision, the Court of Appeals affirmed the disposition order based on respondent's failure to show he was prejudiced by the delay. State v. Martin, No. 38486-4-I, slip op. at 5, 1997 WL 117052 (Wash.Ct.Apps. Mar. 17, 1997). The Court of Appeals, however, determined that the trial court's finding of good cause was unsupported by the record, because the State had not provided any excuse for the nearly two-month delay between King County's receipt of the file and the appointment of Martin's counsel. Martin filed a timely motion to reconsider which was denied. This Court granted Martin's petition for review.

Discussion
The first issue before the court is whether the time limit as prescribed under RCW 13.40.130(8) is mandatory. That provision states:
The disposition hearing shall be held within fourteen days after the adjudicatory hearing or plea of guilty unless good cause is shown for further delay, or within twenty-one days if the juvenile is not held in a detention facility, unless good cause is shown for further delay.[[1]]
Defendant contends that the statute is clear and unambiguous and, thus, absent a finding of good cause, the plain language of RCW 13.40.130(8) requires the court to hold the disposition hearing within 21 days of the plea agreement. Pursuant to the statute, the disposition hearing in this case should have occurred no later than January 30, 1996. Since the disposition took place on March 20, 1996, the defendant argues that the juvenile court lacked statutory authority to enter the order and it must be reversed.
In support of his position, Martin argues that this Court's holding in State v. Krall, 125 Wash.2d 146, 881 P.2d 1040 (1994), interpreting "shall" as being mandatory, imposes a duty on the trial court to conduct a disposition within 21 days when a juvenile is out of custody. In Krall, the court reversed an order of restitution issued after the 60-day statutory period, provided for in RCW 9.94A.142(1), had expired. Krall, 125 Wash.2d at 149, 881 P.2d 1040. Quoting Erection Co. v. Department of Labor & Indus., 121 Wash.2d 513, 518, 852 P.2d 288 (1993), the court noted the word "shall" in a statute is presumptively imperative and operates to create a duty. Thus, "shall" imposes a mandatory requirement unless a contrary legislative intent is apparent. In determining legislative intent, the court looked at the statute as a whole, concluding that where the Legislature had used both the words "shall" and "may" it was drawing a clear distinction between mandatory and discretionary provisions. Id. at 148, 881 P.2d 1040.
The holding of Krall has been reaffirmed by this Court in two recent cases, State v. Moen, 129 Wash.2d 535, 919 P.2d 69 (1996), and State v. Mollichi, 132 Wash.2d 80, 936 P.2d 408 (1997). In Moen, the Court held that a timeliness challenge to a restitution order could be raised for the first time on appeal and reversed the order setting restitution entered after the 60 days provided for in the statute. In Mollichi, the court again relied on Krall to reverse and vacate a restitution order entered against a juvenile because it found that the order was not timely entered at the disposition hearing as required by RCW 13.40.150(3)(f). Id. at 92-93, 936 P.2d 408. The court stated that the unambiguous and mandatory statutory language dictated the statute's meaning be derived from the wording of the statute itself.
As with the statutes considered in Krall and Mollichi, RCW 13.40.130 alternatively uses "may" and "shall". For example, RCW 13.40.130(6) states that, upon a finding of *453 guilty, the court "may immediately proceed to disposition or may continue the case for a dispositional hearing." (Emphasis added). In contrast RCW 13.40.130(8), the section at issue here, directs that a disposition hearing "shall be held" within "twenty-one days" if the juvenile is out of custody unless good cause is shown for delay. It is apparent that the Legislature intended the two words to have different meanings. Krall, 125 Wash.2d at 148, 881 P.2d 1040; Mollichi, 132 Wash.2d at 86, 936 P.2d 408; State v. Bartholomew, 104 Wash.2d 844, 848, 710 P.2d 196 (1985) (use of "may" and "shall" in the statute indicates that the Legislature intended the two words to have different meanings: "may" being directory, while "shall" being mandatory). We conclude that shall, in the context of RCW 13.40.130(8), imposes a mandatory obligation on the juvenile court to hold a disposition hearing within 21 days unless good cause for delay is shown.
In its briefing, the State appears to acknowledge that RCW 13.40.130(8) imposes a mandatory obligation on the court to conduct a timely disposition hearing. It disagrees, however, that the failure to meet the time prescription extinguishes the superior court's right to enter judgment. Instead, the State argues that the mandatory time limits for entry of judgment affords a right to compel a disposition hearing, not a right to vacate an untimely disposition order. The State contends that Krall and Mollichi are distinguishable because they deal with the court's authority to impose restitution, not with its inherent power to enter judgment and sentence. We agree.
The authority to impose restitution is statutory. State v. Davison, 116 Wash.2d 917, 809 P.2d 1374 (1991). A sentencing court may not exceed its statutory authority in imposing restitution. State v. Eilts, 94 Wash.2d 489, 617 P.2d 993 (1980). In Krall and Mollichi, the court looked to the time requirements of the restitution statutes at issue. Concluding that the orders were issued beyond the statutory time limits, the court vacated the orders as exceeding the statutory authority of the sentencing court.
Unlike the statutes at issue in Krall and Mollichi, RCW 13.40.130(8) is not a restitution provision but rather relates to speedy disposition. See also JuCR 7.12. As the State points out, this court has long held that the superior court is a court of general jurisdiction and has the authority to render a judgment at any time except as the law may expressly forbid. State v. Regan, 76 Wash.2d 331, 341, 457 P.2d 1016 (1969); State v. Dooly, 14 Wash.2d 459, 467, 128 P.2d 486 (1942); In re Petition of Cress, 13 Wash.2d 7, 15, 123 P.2d 767 (1942); Brown v. Porter, 7 Wash. 327, 330, 34 P. 1105 (1893). In In re Cress, the court held a life sentence for the crime of habitual criminal was void, but stated that the petitioner could still be lawfully sentenced on his convictions for murder, burglary, robbery, assault and arson upon which sentence had not been imposed. In re Cress, 13 Wash.2d at 13, 123 P.2d 767. Since more than 90 days had elapsed since the verdict on those charges had been rendered, Petitioner argued that the superior court lost jurisdiction to impose sentence because article IV, section 20 of the state constitution requires that "`[e]very case submitted to a judge of a superior court for his decision shall be decided by him within ninety days from the submission thereof....'" Id. at 10, 123 P.2d 767. The court rejected the argument, stating, "`[t]he superior court is a court of general jurisdiction, and a judge of that court may render a judgment at any time except as the law may forbid him.'" Id. at 10-11, 123 P.2d 767 (quoting Bickford v. Eschbach, 167 Wash. 357, 9 P.2d 376 (1932)).
As far back as 1903 the court has recognized that
"[t]he law's delays" is not a modern phrase. Judges of the old time were not wholly unlike some of their successors in office. They, too, were inclined to waver between two opinions, fearful to pronounce the one lest the other should be deemed the more powerful, and delays caused thereby have at all times been more or less prevelant, and have always been regarded as something of an unmixed evil when viewed from the standpoint of a litigant or the public.
It was to furnish a remedy for this that this clause [article IV, section 20] of the constitution was adopted. It was thought *454 that judges, who derived their authority from that instrument, would obey its behests, or, if they did not, that some means would be found to coerce obedience; or, indeed, it may have been thought that disobedience would be ground for an impeachment; but certainly it was never thought that the remedy was to be found in the holding that the judgment afterwards rendered is nugatory.
Demaris v. Barker, 33 Wash. 200, 202-03, 74 P. 362 (1903). In the context of a constitutional violation, the remedy Martin seeks here was rejected by this court in In re Cress wherein the court stated:
"The common law embodies in itself sufficient reason and common sense to reject the monstrous doctrine that a prisoner, whose guilt is established, by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence. If this court sanctioned such a rule, it would fail to perform the chief duty for which it was established."
Cress, 13 Wash.2d at 14, 123 P.2d 767 (quoting In re Bonner, 151 U.S. 242, 260, 14 S.Ct. 323, 38 L.Ed. 149 (1894)).
The Supreme Court in United States v. Montalvo-Murillo, 495 U.S. 711, 110 S.Ct. 2072, 109 L.Ed.2d 720 (1990) relied upon similar analysis in reversing the federal appeals court and holding that the failure to comply with the Bail Reform Act's prompt hearing provision does not require release of a person who should otherwise be detained.
"A prompt hearing is necessary, and the time limitations of the Act must be followed with care and precision. But the Act is silent on the issue of a remedy for violations of its time limits. Neither the timing requirements nor any other part of the Act can be read to require, or even suggest, that a timing error must result in release of a person who should otherwise be detained."
Id. at 716-17, 110 S.Ct. 2072. The court recognized the word "shall" as imposing a mandatory duty but stated that the sanction upon the court of loss of all later power to act was too extreme. Id. at 718, 110 S.Ct. 2072.
While the time limit at issue here is statutory, not constitutional, the rationale of In re Cress applies equally to the circumstances presented in this case. As in article IV, section 20, RCW 13.40.130(8) provides for a time limit within which disposition orders are to be made. Neither the constitution nor the statute forbids a disposition after that time has elapsed. The language of the statute does not extinguish the Court's authority to enter disposition.
Martin argues, however, that the requirement of a dispositional hearing within 21 days furthers the goals of the law, accountability and rehabilitation, by ensuring prompt consequences for violations of the law. The court in State v. Eugene W., 41 Wash.App. 758, 706 P.2d 235 (1985), has recognized this concern, reasoning that untimely sentencing does not serve to promote the goals of the juvenile justice act. Id. at 761, 706 P.2d 235. A trial court should make every effort to comply with the time requirements or state reasons justifying the delay. Id.
Nevertheless, automatic dismissal is not warranted. The Court of Appeals has twice had the opportunity to address the consequences of a violation of the speedy disposition rules in RCW 13.40.130(8) and JuCR 7.12(a). Id.; State v. Carlson, 65 Wash.App. 153, 164-65, 828 P.2d 30 (1992). In Eugene, the Court of Appeals found the record devoid of both a request for a continuance of the disposition hearing and of good cause for a delay. Eugene W., 41 Wash.App. at 760, 706 P.2d 235. Thus, the court concluded the untimely sentencing was error under RCW 13.40.130(8) and JuCR 7.12(a). Id. at 761, 706 P.2d 235. Nevertheless, the court observed that neither the statute nor the court rule impose a sanction for their violation. Id. The court then looked to cases relating to violations of the constitutional right to speedy sentencing and concluded that in the absence of prejudice vacation of the order or dismissal of the charges was not required. Id.
The court in Carlson adopted this same reasoning under similar circumstances. The court held that because defendant had not suffered any prejudice by the delay in sentencing, *455 no reversible error had been committed. In rejecting defendant's argument that sentencing should have been indefinitely stayed or the case dismissed, the court noted:
Had the Supreme Court intended strict compliance or dismissal with respect to JuCR 7.12(a) and had the Legislature intended strict compliance or dismissal with respect to RCW 13.40.130(8), the Supreme Court and the Legislature presumably would have so provided. Cf. JuCR 7.8(g) (providing that if an adjudicatory hearing is not held within 60 days of the arraignment, "the information shall be dismissed with prejudice.").
Carlson, 65 Wash.App. at 164 n. 17, 828 P.2d 30.[2]
Thus, if the juvenile is prejudiced by the delay, cases from both the Court of Appeals and this court suggest that dismissal of the charges may be required. Eugene W., 41 Wash.App. at 761, 706 P.2d 235; Carlson, 65 Wash.App. at 164-65, 828 P.2d 30; see also State v. Johnson, 100 Wash.2d 607, 629-30, 674 P.2d 145 (1983), overruled on other grounds by State v. Bergeron, 105 Wash.2d 1, 711 P.2d 1000 (1985) (in the absence of prejudice sentence will still be imposed even though CrR 7.1, prohibiting "unreasonable delay in sentencing", has been violated). Dismissal is not required in this case, however, since Martin does not claim he was prejudiced by the delay.
Finally, a juvenile in Martin's position is not without remedy. In State ex rel. Burgunder v. Superior Court for King County, 180 Wash. 311, 39 P.2d 983 (1935), the superior court judge continued the defendant's sentencing beyond the 90 day period provided for in article IV, section 20 and the prosecuting attorney applied for a writ of mandamus to compel imposition of sentence. The court concluded that the maximum time allowed for the court to arrive at its sentencing decision is 90 days and granted the writ, "commanding [the judge] to proceed forthwith to enter judgment and sentence upon the verdict of the jury in accordance with the laws of the state of Washington." Burgunder, 180 Wash. at 315, 39 P.2d 983. As in Burgunder, a juvenile may move to compel disposition.
The Court of Appeals is affirmed.
DOLLIVER, SMITH, GUY, JOHNSON and ALEXANDER, JJ., concur.
TALMADGE, J. (concurring).
I concur with the majority's reasoning and disposition. I write separately because I also agree with the dissent that this case is not distinguishable from State v. Krall, 125 Wash.2d 146, 881 P.2d 1040 (1994), State v. Moen, 129 Wash.2d 535, 919 P.2d 69 (1996), and State v. Mollichi, 132 Wash.2d 80, 936 P.2d 408 (1997). The majority opinion does not step up to the inherent conflict with those cases in its reasoning. Instead, it contradicts them by affirming the Court of Appeals' holding that unless the juvenile shows actual prejudice stemming from the entry of a late disposition, the disposition will stand despite its having exceeded the time limit provided by RCW 13.40.130(8).
There is no logical justification for differentiating the setting of restitution from the entry of a disposition under the Juvenile Justice Act of 1977 or a sentence under the Sentencing Reform Act of 1981. The respective statutes provide time limits for both in precisely the same language, using the mandatory word "shall."
It is time for us to recognize the error we originated in Krall and perpetuated in Moen and Mollichithe imposition of forfeiture as the remedy for violation of the statutory time limit. The Legislature merely said restitution "shall" be set at the time of sentencing. In Krall, we assumed it dispositive of the issue simply to announce that "shall" means mandatory. The statutory language is indeed mandatory but says nothing about what is to happen if the court fails to set the restitution. Instead of addressing the appropriate remedy for violation of the statutory mandate, we went against the ancient maxim *456 the law abhors a forfeiture[1]and assumed a forfeiture was proper: we reversed an order of restitution that had been entered late. Krall, 125 Wash.2d at 149, 881 P.2d 1040.
Many cases in the federal courts have inveighed against such a result. The United States Supreme Court said in 1886, "It is settled beyond doubt or controversy, upon the foundation of the great principle of public policy, applicable to all governments alike, which forbids that the public interests should be prejudiced by the negligence of the officers or agents to whose care they are confided." United States v. Nashville, C. & St. L. Ry. Co., 118 U.S. 120, 125, 6 S.Ct. 1006, 30 L.Ed. 81 (1886). More recently, the Court said, "There is no presumption or general rule that for every duty imposed upon the court or the Government and its prosecutors there must exist some corollary punitive sanction for departures or omissions, even if negligent." United States v. Montalvo-Murillo, 495 U.S. 711, 717-18, 110 S.Ct. 2072, 109 L.Ed.2d 720 (1990) (failure to hold prompt hearing under Bail Reform Act did not require release of prisoner).[2]
Thus, I agree with the majority a juvenile can void a late disposition only if he or she can show prejudice from the lateness. But I also agree with the dissent that the majority's mere observation Krall and Mollichi dealt with restitution, while the present case deals with speedy disposition, does not support distinguishing those cases from the present casethe operative language is identical. The only logically supportable conclusion is that in every case violation of the restitution or sentencing/disposition time constraints can result in a forfeiture only when the defendant/juvenile offender can show prejudice stemming from lateness, as the majority holds in this case. To the extent that is so, I would explicitly overrule the parts of Krall, Moen, and Mollichi to the contrary.
SANDERS, J. (dissenting).
The result reached by the majority is perverse: the majority declares the time limits in RCW 13.40.130(8) to be mandatory yet allows a hearing to be held outside those time limits. Because this court must follow the plain and unambiguous language of RCW 13.40.130(8) and the precedent of State v. Krall, 125 Wash.2d 146, 881 P.2d 1040 (1994), I dissent.
The key to statutory application is the language of the statute. RCW 13.40.130(8) is unequivocal:
The disposition hearing shall be held within fourteen days after the adjudicatory hearing or plea of guilty unless good cause is shown for further delay, or within twenty-one days if the juvenile is not held in a detention facility, unless good cause is shown for further delay.
A court must give effect to the clear and unambiguous language of a statute when construing it. Human Rights Comm'n ex rel. Spangenberg v. Cheney Sch. Dist. 30, 97 Wash.2d 118, 641 P.2d 163 (1982). The majority agrees that the word "shall" in this provision is mandatory. This accords with the dictionary definition which states that "shall" is "used in laws, regulations, or directives to express what is mandatory." Webster's Third New International Dictionary 2085 (1981). The language of the statute is therefore clear and unambiguous: it is mandatory for the disposition hearing to be *457 held within the time limits set out in RCW 13.40.130(8).
If RCW 13.40.130(8) is not followed and the hearing is held after the statutory time limit has passed, then the hearing was obviously not permitted by statute. Where the hearing itself is not permitted by statute, then any action taken at that hearing is also not permitted. To hold otherwise (as the majority does) effectively rewrites RCW 13.40.130(8), eliminating its mandatory nature and in effect replaces the word "shall" with the word "may." Such is no less than judicial legislation, which this court should avoid. E.g., State v. Mollichi, 132 Wash.2d 80, 87, 936 P.2d 408, 411 (1997) ("[The court has] no license to rewrite explicit and unequivocal statutes."); Soundgarden v. Eikenberry, 123 Wash.2d 750, 766, 871 P.2d 1050 (1994) ("We do not accept that invitation to engage in judicial legislation.").
If the legislature wished to extend the time limit for juvenile disposition hearings or to make the time limit discretionary rather than mandatory, it could easily have done so. For example, following Krall, the legislature changed the time frame for restitution hearings from 60 days to 180 days, post-sentencing, allowing the court to continue a hearing beyond 180 days if good cause is shown. Laws of 1995, ch. 231, § 2. The legislature is thus free to make a similar amendment to RCW 13.40.130(8), but we are not.
It should be noted that by its own terms RCW 13.40.130(8) is not inflexible, but allows a hearing to be held outside the statutory time limits if "good cause is shown for further delay." RCW 13.40.130(8). But here the prerequisite for this statutory exception has not been met, as the Court of Appeals observed, "the State did not show good cause for the delay." State v. Martin, No. 38486-4-I, slip op. at 3, 1997 WL 117052 (Wash.Ct. App. Mar. 17, 1997). The statute is clear: in absence of a showing of good cause, a hearing must be held within the mandatory time limits. This exception simply proves the rule.
Not only is the language of RCW 13.40.130(8) clear and unambiguous, but State v. Krall, 125 Wash.2d 146, 881 P.2d 1040 (1994), controls. In Krall we considered RCW 9.94A.142(1) which at that time stated, "[w]hen restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within sixty days."[1] We held the statute was mandatory and disallowed that restitution be ordered after the statutory time limit had passed. Krall was followed by State v. Moen, 129 Wash.2d 535, 919 P.2d 69 (1996) and by Mollichi, 132 Wash.2d 80, 936 P.2d 408. In Mollichi we again held under RCW 13.40.150(3)(f) restitution must be determined at the juvenile statutory disposition hearing and vacated a restitution order which was entered thereafter. The statute in Krall was similar to that in the case at bar as both use the word "shall" and both set out a specific time limit in which the court must act. Although Krall deals with restitution and not sentencing, the language in point is the same. If we must give effect to the clear mandate of the statute in Krall, there is no reason not to do the same under the plain words of the statute in this case.
Attempting to support its argument that Krall must be distinguished, the majority draws a distinction between "a restitution provision" and "speedy disposition," relying upon In re Petition of Cress, 13 Wash.2d 7, 13, 123 P.2d 767 (1942) and other cases which consider article IV, section 20, of the Washington State Constitution (dealing with speedy disposition of matters before the Superior Court) (Majority at 453-454).
However Cress clearly does not relate to the situation here. There we rejected an argument that the constitution limited the time in which the superior court could pass judgment, stating that the superior court judge "`may render a judgment at any time except as the law may forbid him.'" In re Cress, 13 Wash.2d at 10-11 (quoting Bickford v. Eschbach, 167 Wash. 357, 9 P.2d 376 (1932)) (emphasis added). According to Cress, a judgment could not be rendered if there was a statute which prohibited the rendering of that judgment. But that is precisely the *458 situation here which involves a statute in which the legislature set mandatory time limits for juvenile disposition hearings, in effect forbidding such hearings from occurring outside those time limits (see discussion, supra).
The majority suggests the charges against the defendant should be dismissed only if a defendant is prejudiced by delay of a hearing held outside the time limits in RCW 13.40.130(8). Majority at 454 (citing State v. Eugene W., 41 Wash.App. 758, 706 P.2d 235 (1985) and State v. Carlson, 65 Wash.App. 153, 828 P.2d 30 (1992)). However, the requirement of a specific showing of prejudice is unnecessary because the statute does not require itperhaps because the defendant is inherently prejudiced by any delay beyond the statutorily mandated time limits. If the legislature had wished to impose such a requirement, it could have done so expressly. Furthermore the majority's requirement for a showing of prejudice is based upon distinguishable cases which interpret court rules providing that sentencing must be imposed without "unreasonable delay." Those cases do not interpret a statute with a specific time limit. Eugene W., 41 Wash.App. at 762, 706 P.2d 235 ("Since RCW 13.40.130(8) and JuCR 7.12(a) provide the time within which disposition should be imposed, cases construing the meaning of `unreasonable delay' and setting a constitutional speedy sentence standard are inapplicable.") (Thompson, J., concurring).
In the past we have not hesitated to honor the plain and unambiguous language of a provision over a claimed contrary underlying policy. For example, Moen, 129 Wash.2d 535, 919 P.2d 69, held restitution could not be ordered outside the statutorily mandated time limit. There Justice Madsen, on behalf of the court, opined:
"We are aware that one effect of holding that restitution is barred when the order is entered too late is that the victim of the offense does not receive compensation under the restitution statutes. That result necessarily follows in each case where the State's delay precludes compliance with the mandatory time limit. ..."
Id. at 542, 919 P.2d 69 (emphasis added).
In Mollichi, 132 Wash.2d at 87, 936 P.2d 408, we followed Moen and invalidated a restitution order under the Juvenile Justice Act of 1977 (RCW 13.40) because it was not entered in accordance with the clear statutory language. Two of the stated policies behind the Act are to "[m]ake the juvenile offender accountable for his or her criminal behavior" (RCW 13.40.010(2)(c)) and to "[p]rovide for restitution to victims of crime" (RCW 13.40.010(2)(h)). These purposes were declared to be "equally important." RCW 13.40.010(2). Yet if the clear language of the provision is enough to overcome the state purpose of the statute in compensating victims in Moen and Mollichi, then it follows in this case the clear language of RCW 13.40.130(8) is equally sufficient to overcome one purpose of the statute which is to make the juvenile accountable for his behavior.
There is no reason in the case at bar to deviate from the precedent in Krall, Moen, or Mollichi, nor are we at liberty to judicially amend a statute which is clear on its face.
DURHAM, C.J., concurs.
NOTES
[1] JuCR 7.12(a) imposes the same time requirements:

"A disposition hearing shall be held if the juvenile has pleaded guilty or has been found guilty by the court. The hearing may be held immediately following the juvenile's plea of guilty or immediately following the adjudicatory hearing if found guilty by the court. The disposition hearing may be continued for a period of up to 14 days after the plea or the conclusion of the hearing if the juvenile is held in detention, or 21 days after the plea or the conclusion of the hearing if the juvenile is not held in detention. Either time may be extended by the court for good cause shown. Notice of a continued hearing shall be given to all parties in accordance with rule 11.2."
[2] See also CrR 3.3(i) requiring dismissal with prejudice for criminal charges not tried within the time period provided.
[1] "Forfeitures are not favored in the law. They are often the means of great oppression and injustice." Knickerbocker Life Ins. Co. v. Norton, 96 U.S. (6 Otto) 234, 242, 24 L.Ed. 689 (1877). It is surely an injustice to allow a juvenile like Martin to go free after having pleaded guilty simply because the prosecutor failed to comply with the statutory deadline for having juvenile dispositions entered. Neither the remedial nor the rehabilitative purpose of the Juvenile Justice Act would be achieved by such a result.
[2] See also United States v. James Daniel Good Real Property, 510 U.S. 43, 65, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993) (holding "courts may not dismiss a forfeiture action filed within the 5-year statute of limitations for noncompliance with the internal timing requirements of [19 U.S.C. §§ 1602-1604]"); United States v. Meyers, 95 F.3d 1475, 1488 (10th Cir.1996), cert. denied, ___ U.S. ___, 118 S.Ct. 583, 139 L.Ed.2d 421 (1997) (failure to hold pretrial detention hearing in a timely manner not a sufficient reason to require mandatory release of the defendant, citing Montalvo-Murillo).
[1] Since Krall, this section has been amended. See Laws of 1994, ch. 271, § 602; Laws of 1995, ch. 33, § 4; Laws of 1995, ch. 231, § 2; Laws of 1997, ch. 52, § 2; Laws 1997, ch. 121, § 4.