CLD-214                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1888
_____


IN RE:  AKILAH SHABAZZ,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Criminal No. 3-12-cr-00064-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 25, 2013

Before:  RENDELL, JORDAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 21, 2013)
_____

OPINION
_____

PER CURIAM

        Pro se petitioner, Akilah Shabazz, seeks a writ of mandamus directing the United

States District Court for the Middle District of Pennsylvania to impose a sentence in

<u>United States v. Shabazz</u>, D.C. Criminal No. 3-12-cr-00064-001, in which he was found

guilty of aggravated identity theft and related offenses on November 7, 2012, and to rule

on his motion for release pending appeal, which was filed on January 28, 2013.  By order

entered May 3, 2013, the District Court scheduled sentencing for Shabazz on May 21, 2013.  Thus, Shabazz will obtain the remedy he seeks concerning sentencing.  We are confident that the District Court will rule on his motion for release pending appeal in due course.  Accordingly, we will deny the petition.[1]

---

[1] Even if sentencing were not scheduled, we would still deny the mandamus petition. Mandamus is a "drastic remedy" available in extraordinary circumstances only.  In re: Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  Mandamus may be warranted when a district court's delay in handling a case "is tantamount to a failure to exercise jurisdiction."  Madden, 102 F.3d at 79.  However, the delay complained of by Shabazz is not tantamount to a failure to exercise jurisdiction.  Shabazz was found guilty on November 7, 2012.  The presentence investigation report was filed on January 30, 2013.  On January 28, 2013, Shabazz filed a motion for release pending appeal and on February 20, 2013, he filed objections to the presentence report.  Because only two months have passed since Shabazz filed his objections to the presentence report and three months since the filing of his motion for release pending appeal, the delay "does not yet rise to the level of a denial of due process."  Madden, 102 F.3d at 79 (denying a mandamus petition where the district court had not ruled on petitioner's motion in four months).  See also United States v. Campisi, 583 F.2d 692 (3d Cir. 1978) (five month delay between guilty plea and sentence was not "unreasonable" within the meaning of Fed.R.Crim.P. 32(a)).