**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| STATE OF WASHINGTON, | No.  47194-9-II |
| Respondent, | |
| v. | |
| A.W., | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, P.J. — A.W. appeals a trial court order imposing restitution in an amount to be determined by A.W.'s probation counselor without a hearing, arguing the trial court exceeded its statutory authority.  The State concedes the trial court exceeded its statutory authority by failing to either set a restitution amount or set a hearing within 180 days to determine the amount.  We accept the State's concession, reverse the order imposing restitution, and remand for further proceedings consistent with this opinion.

FACTS

On January 21, 2015, A.W. was convicted of one count of third degree malicious mischief for using a spray paint can to break a building's window.  Immediately after the trial, the court held a disposition hearing, wherein the judge ordered A.W. to pay restitution "in an amount to be determined by the Probation Counselor.  If the Probation Counselor and the respondent cannot agree on an amount, the matter may be set for hearing."  Clerk's Papers at 9. No evidence was presented regarding the cost to replace the broken window, and restitution was not discussed at the disposition hearing.  A.W. appeals.

ANALYSIS

A.W. argues, and the State concedes, that the trial court exceeded its statutory authority to impose restitution under RCW 13.40.150(3)(f). We accept the State's concession because the trial court erred when it ordered the amount of restitution to be determined by the probation counselor without a hearing.

A court derives its authority to impose restitution from statutory law; however, in doing so, a court may not exceed that statutory authority. *State v. Martin*, 137 Wn.2d 149, 155, 969 P.2d 450 (1999). We review a trial court's authority to order restitution under the statute de novo. *State v. Oakley*, 158 Wn. App. 544, 552, 242 P.3d 886 (2010).

Under chapter 13.40 RCW, the trial court "*shall* hold a disposition hearing, at which the court *shall* . . . [d]etermine the amount of restitution owing to the victim, if any, or set a hearing for a later date not to exceed one hundred eighty days" after sentencing to determine the proper amount of restitution owed. RCW 13.40.150(3)(f) (emphasis added). The juvenile restitution statute is similar to the adult statute, which also states in relevant part, "the court *shall* determine the amount of restitution due at the sentencing hearing or within one hundred eighty days." RCW 9.94A.753(1) (emphasis added). Our Supreme Court has held that the adult statute's use of the word "shall" is a mandatory directive. *State v. Krall*, 125 Wn.2d 146, 148, 881 P.2d 1040 (1994).

Here, the trial court neither determined the amount of restitution nor scheduled a hearing. Instead, the trial court entered a disposition order directing A.W.'s probation counselor to determine the amount of restitution and, if A.W. did not agree with the amount, allowing the matter to be set for hearing. This order exceeded the trial court's statutory authority to impose restitution under RCW 13.40.150(3)(f).

Under the statute, the juvenile court had two options to impose restitution fees if it chose in its discretion to do so. First, it could have made a determination at the January 21 disposition hearing. If the court lacked sufficient information to make this determination, it could have exercised its second option: to set a hearing within 180 days from that date.

RCW 13.40.150(3)(f) requires that the decision be made *by the court* at a disposition hearing. The statute does not empower the trial court to appoint A.W.'s probation counselor to make this determination. Consequently, we agree with A.W. and accept the State's concession that the court exceeded its authority by failing to either determine a restitution amount or set a hearing within 180 days to determine the amount. We reverse the order imposing restitution, and remand for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Maxa, J.

_____
Lee, J.