ALD-112                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3830
_____

IN RE:  FREDERICK BANKS,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to Cr. No. 2-15-cr-00168-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 6, 2020
Before:  MCKEE, SHWARTZ and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 2, 2020)
_____

OPINION*
_____

PER CURIAM

On November 7, 2019, pro se petitioner Frederick Banks was convicted in the

District Court of numerous counts of wire fraud and aggravated identify theft.  The

District Court scheduled sentencing for April 17, 2020.  Meanwhile, Banks, a prolific

filer, has inundated the District Court and this Court with filings.  Currently before the

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court is his petition for a writ of mandamus, in which he asks us to order the District Court to "set [a] prompt sentencing date." Pet. at 1.

We will deny the petition. Our review of the docket reveals that the District Court has been promptly ruling on Banks's stream of motions, has ordered the probation office to prepare a presentence investigation report, and has scheduled a sentencing hearing. So to the extent that Banks seeks a definite sentencing date, a sentencing hearing has been scheduled. To the extent that he requests an expedited sentencing date, he has not made the requisite showing that his right to relief is "clear and indisputable," Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam), or that the delay in his case is "tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996); see generally United States v. Campisi, 583 F.2d 692, 693–94 (3d Cir. 1978) (five-month delay between guilty plea and sentence was not "unreasonable" within the meaning of Fed. R. Crim. P. 32(a)).

Accordingly, we will deny Banks's mandamus petition.